Elaine M. **WESELY**, Appellant,

v.

A. David **FLOR**, DDS, et al., **Respondents.**

No. A10–478.

Court of Appeals of Minnesota.

Dec. 14, 2010.

Michael A. Zimmer, Tewksbury Kerfeld Zimmer, Minneapolis, MN, for appellant.

Melissa D. Riethof, Barbara A. Zurek, Meagher & Geer, P.L.L.P., Minneapolis, MN, for respondents.

Considered and decided by LARKIN, Presiding Judge; PETERSON, Judge; and HUDSON, Judge.

## OPINION

PETERSON, Judge.

Appellant challenges the dismissal of her dental-malpractice action for failing to comply with the 180–day deadline for submitting an expert-disclosure affidavit under Minn.Stat. § 145.682, subd. 4. She argues that the district court (1) erred by declining to allow her to substitute an affidavit that identified a new expert witness

when the expert who was identified in appellant's previous affidavit was not qualified to give an expert opinion and (2) abused its discretion by failing to extend the deadline for submitting an expert-disclosure affidavit. We affirm.

## FACTS

On February 24, 2009, appellant Elaine M. Wesely began this dental-malpractice action against respondents A. David Flor, DDS, and A. David Flor, DDS, d/b/a Uptown Dental. Appellant does not dispute that expert testimony was required to support her malpractice claims.

On June 1, 2009, appellant's attorney withdrew from representation. Appellant claims that her former attorney sent her medical records to an attorney in Michigan to review and that appellant did not get her medical records back from her former attorney until August 3, 2009.[1] On August 12, 2009, appellant, acting pro se, served an expert-disclosure affidavit that identified internal-medicine physician Dr. Arvin M. Vocal, M.D., as the expert who would testify at trial.

On August 25, 2009, appellant met with attorney Michael A. Zimmer, who reviewed Vocal's affidavit and told appellant that the affidavit might not comply with statutory requirements because an internist might not be qualified to give an opinion in a dental-malpractice case. The same day, Zimmer contacted respondents' attorney and requested an extension of the statutory deadline for submitting an expert-disclosure affidavit, which had passed on August 23, 2009. Respondent's attorney declined to grant an extension. On August 27, 2009, Zimmer contacted Dr.

Scott Lingle, D.D.S., who agreed to review appellant's medical records. Zimmer delivered appellant's medical records to Lingle on September 2, 2009.

On September 11, 2009, respondents filed a motion to dismiss under Minn.Stat. § 145.682, subd. 6(c). For purposes of the motion, appellant conceded that Vocal was not qualified to give an expert opinion in her case. By letter dated October 6, 2009, Zimmer informed respondents that he would be representing appellant. On October 16, 2009, appellant served Lingle's expert-disclosure affidavit. Appellant opposed dismissal on the grounds that Lingle's affidavit cured the deficiencies in Vocal's affidavit and was timely because it was filed within the 45–day safe-harbor provision of Minn.Stat. § 145.682, subd. 6(c).

The district court dismissed appellant's action with prejudice based on its conclusions that Minn.Stat. § 145.682, subd. 6(c), does not allow a plaintiff in a medical-malpractice action to amend a deficient expert-disclosure affidavit by substituting, in place of the deficient affidavit, a new expert's affidavit and that appellant failed to establish excusable neglect with respect to her failure to comply with the timing requirements of Minn.Stat. § 145.682. This appeal followed.

## ISSUES

I. When the expert identified in an affidavit of expert disclosure under Minn.Stat. § 145.682, subd. 4, is not qualified to give an expert opinion and the defendant moves under Minn.Stat. § 145.682, subd. 6(c), to dismiss the action for failure to serve an affidavit of expert disclosure within 180

---

1. These facts and the facts in the next paragraph are asserted in appellant's memorandum opposing respondents' motion to dismiss, but the assertions are not supported by documentary evidence or affidavits that show personal knowledge. Rather, appellant and her second attorney submitted affidavits stating that the facts set forth in the memorandum are true to the best of their knowledge.

days after commencing the suit, may the plaintiff avoid mandatory dismissal by serving an affidavit that identifies a new expert witness?

II. Did the district court err in determining that appellant failed to establish excusable neglect with respect to her failure to comply with the timing requirements of Minn.Stat. § 145.682?

## ANALYSIS

### I.

 "A district court's decision regarding whether to dismiss a malpractice claim for noncompliance with statutory requirements regarding submission of expert affidavits will be reversed only upon an abuse of discretion." *Lake Superior Ctr. Auth. v. Hammel, Green & Abrahamson, Inc.,* 715 N.W.2d 458, 468 (Minn.App.2006), *review denied* (Minn. Aug. 23, 2006); *see also Brown–Wilbert, Inc. v. Copeland Buhl & Co.,* 732 N.W.2d 209, 215 (Minn. 2007) (reviewing dismissal of malpractice action for abuse of discretion). But the applicability and construction of a statute are questions of law subject to de novo review. *Lake Superior Ctr. Auth.,* 715 N.W.2d at 468.

When a medical-malpractice action requires expert testimony to establish a prima facie case, the plaintiff must serve an affidavit of expert review with the summons and complaint. Minn.Stat. § 145.682, subd. 2 (2008).[2] The plaintiff must serve a second affidavit, the expert-

disclosure affidavit, within 180 days after the lawsuit begins. *Id.*

> The expert-disclosure affidavit
>
> must be signed by each expert listed in the affidavit and by the plaintiff's attorney and state the identity of each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of malpractice or causation, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Answers to interrogatories that state the information required by this subdivision satisfy the requirements of this subdivision if they are signed by the plaintiff's attorney and by each expert listed in the answers to interrogatories....

*Id.,* subd. 4(a).

Failure to comply with [Minn.Stat. § 145.682,] subdivision 4 *because of deficiencies in the affidavit* ... results, upon motion, in mandatory dismissal with prejudice of each action as to which expert testimony is necessary to establish a prima facie case, provided that:

> (1) the motion to dismiss the action identifies the claimed deficiencies in the affidavit or answers to interrogatories;
>
> (2) the time for hearing the motion is at least 45 days from the date of service of the motion; and
>
> (3) before the hearing on the motion, the plaintiff does not serve upon the defendant *an amended affidavit*

---

**2.** The affidavit of expert review must state that the plaintiff's attorney has reviewed the facts of the case with an expert whose opinion could reasonably be expected to be admissible at trial and that it is the expert's opinion that one or more of the defendants deviated from the standard of care and caused injury to the plaintiff. Minn.Stat. § 145.682, subd. 3(a)

(2008). The time to serve the affidavit of expert review may be extended to 90 days after service of the summons and complaint if the affidavit "could not reasonably be obtained before the action was commenced because of the applicable statute of limitations." *Id.,* subd. 3(b) (2008).

or answers to interrogatories that correct the claimed deficiencies.

*Id.,* subd. 6(c) (emphasis added).

Thus, under the plain language of the statute, when respondents moved to dismiss, claiming that appellant's expert-disclosure affidavit was deficient because the expert identified in the affidavit was not qualified to give an expert opinion, dismissal was mandatory if appellant did not serve an amended affidavit that corrected the claimed deficiencies. But appellant conceded that the expert identified in her first expert-disclosure affidavit was not qualified to give an expert opinion. The supreme court has determined that the expert-disclosure affidavit requirement under Minn.Stat. § 145.682, subd. 4, "simply cannot be met by a witness not reasonably expected to provide an admissible expert opinion at trial." *Teffeteller v. Univ. of Minnesota,* 645 N.W.2d 420, 427 (Minn. 2002). Consequently, appellant could not meet the affidavit requirement by serving an affidavit signed by her first expert and, instead, attempted to meet the affidavit requirement by serving the affidavit of a different expert.

 We conclude that appellant's second expert-disclosure affidavit, which identified and was signed by a different expert than appellant identified in her first affidavit, was not an amended affidavit that corrected the deficiencies in the first affidavit. An affidavit is a written statement or declaration sworn to or affirmed "before some officer who has authority to administer an oath or affirmation." *Norton v. Hauge,* 47 Minn. 405, 406, 50 N.W. 368, 368 (1891) (quotation omitted).

The particular formality with which an oath is administered has never been regarded in this state as of great importance. The essential thing is that the party taking the oath shall go through some declaration, or formality, before

the officer which indicates to him that the applicant consciously asserts or affirms the truth of the fact to which he gives testimony.

*State v. Day,* 108 Minn. 121, 124, 121 N.W. 611, 613 (1909). An affirmation may take the place of an oath and is a statement that the statements a person makes are made under the penalties of perjury. Minn.Stat. § 358.08 (2008).

Because a valid affidavit must be sworn to or affirmed by the affiant, a statement in a valid affidavit cannot be amended by the affidavit of another affiant; a second affiant cannot swear or affirm that the changes in an affidavit are the truthful testimony of the first affiant. Consequently, one expert cannot amend the affidavit of another expert, and the affidavit of appellant's second expert is not an amended affidavit of her first expert. *Compare The American Heritage Dictionary of the English Language* 59 (3d ed.1992) (defining "amend" as "[t]o remove the faults or errors in; correct"), *with id.* at 1792 (defining "substitute" as "[o]ne that takes the place of another; a replacement").

Applying the plain language of Minn. Stat. § 145.682, subd. 6(c), to prohibit appellant from avoiding mandatory dismissal by serving the affidavit of a second expert after respondents moved to dismiss enforces the requirement in Minn.Stat. § 145.682, subd. 4(a), that a plaintiff must identify an expert and disclose the substance of the expert's opinion within 180 days after beginning a lawsuit. Permitting appellant to serve the affidavit of a new expert would allow appellant's suit to continue even though 180 days after beginning the suit, appellant had not obtained a qualified expert's opinion that malpractice occurred. But permitting appellant to serve only an amended affidavit of a qualified expert who has already been identified would allow appellant to correct deficien-

cies in an affidavit without extending beyond 180 days the requirement that appellant identify an expert who can testify at trial that malpractice occurred. *See Brown–Wilbert, Inc.,* 732 N.W.2d at 217 (stating, in interpreting Minn.Stat. § 544.42, subd. 6(c) (2006), which also refers to "deficiencies," that it is "true that an affidavit may be sufficient to satisfy the 180–day requirement even though it contains minor deficiencies" but that it is also "true that an affidavit is not sufficient to satisfy the 180–day requirement if the deficiencies are so great that it provides no significant information"); *Broehm v. Mayo Clinic Rochester,* 690 N.W.2d 721, 726 (Minn.2005) ("The expert disclosure requirements cannot be met by a witness who is not qualified to give an expert opinion."); *Sorenson v. St. Paul Ramsey Med. Ctr.,* 457 N.W.2d 188, 191 (Minn. 1990) (stating that procedural dismissal mandated by Minn.Stat. § 145.682, subd. 6, "seems therefore, to have been designed to deal only with cases completely unsupported by expert testimony" and that the most important information in expert-disclosure affidavit "is the *identity* of an expert who is willing to testify as to the alleged negligence").

Citing *Noske v. Friedberg,* 713 N.W.2d 866 (Minn.App.2006), *review denied* (Minn. July 19, 2006), which construed Minn.Stat. § 544.42, subd. 6(a) (2004), the statute governing expert affidavits in a legal-malpractice case, appellant argues that Minn.Stat. § 145.682, subd. 6(c), should be construed to permit substitute affidavits. *Noske,* however, is not controlling because it involved the safe-harbor provision applicable to an affidavit of expert review, which is not at issue in this case. *Noske,* 713 N.W.2d at 872.

Furthermore, the statutory language at issue in *Noske* is significantly different from Minn.Stat. § 145.682, subd. 6(c).

The statute in *Noske* required that in a legal-malpractice action where a party will use expert testimony to establish a prima facie case, the party must serve with the pleadings an affidavit of expert review. *Noske,* 713 N.W.2d at 871; *see* Minn.Stat. § 544.42, subds. 2(1), 3(a) (2004) (stating that party must serve affidavit of expert review and specifying requirements for affidavit). But, unlike Minn.Stat. § 145.682, subd. 6(c)(3), which requires a plaintiff to serve an amended affidavit to correct a deficient affidavit, the statute at issue in *Noske* provided that failing to serve an affidavit of expert review "within 60 days after demand for the affidavit results, upon motion, in mandatory dismissal of each cause of action with prejudice as to which expert testimony is necessary to establish a prima facie case." Minn.Stat. § 544.42, subd. 6(a). Thus, the statute in *Noske* simply required that an affidavit of expert review be served within 60 days after a demand; it did not require that an amended affidavit be served.

Also, when *Noske* was decided, the statute that applied to a failure to serve an expert-disclosure affidavit within 180 days after commencing a legal-malpractice action provided that a motion to dismiss for failing to provide the affidavit "shall not be granted unless, after notice by the court, the nonmoving party is given 60 days to satisfy the disclosure requirements." Minn.Stat. § 544.42, subd. 6(c) (2004). Thus, unlike Minn.Stat. § 145.682, subd. 6(c)(3), Minn.Stat. § 544.42, subd. 6(c), simply required that the disclosure requirements for an expert-disclosure affidavit be satisfied within 60 days after a demand; it did not require that the disclosure requirements be satisfied by serving an amended affidavit.

## II.

■ When an act is required to be done within a specified time, a district court for

cause shown may "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Minn. R. Civ. P. 6.02; *see also Anderson v. Rengachary,* 608 N.W.2d 843, 849 (Minn. 2000) (stating that Minn.Stat. § 145.682 will be read in conjunction with Minn. R. Civ. P. 6.02). Neglect is not excusable unless (1) there is a reasonable suit on the merits, (2) there is a reasonable excuse for the failure to perform the required action, (3) the party seeking relief acted with due diligence after notice of the time limit, and (4) no substantial prejudice results to the other party. *Anderson,* 608 N.W.2d at 850. This court reviews a district court's determination regarding excusable neglect for an abuse of discretion. *Broehm,* 690 N.W.2d at 727.

The district court found that appellant did not have a reasonable excuse for her failure to comply with the 180–day deadline and that she failed to act with due diligence after her attorney withdrew as counsel. Appellant argues that she has a reasonable excuse for her failure to act because she did not get her medical records back until 20 days before the expiration of the 180–day deadline. Appellant contends that it can be very difficult to find a lawyer to take a medical-malpractice case, particularly with a deadline approaching, and that a lawyer must spend considerable time reviewing the file documents, including medical records. But Minn.Stat. § 145.682, subd. 5 (2008), provides that "[i]f the plaintiff is acting pro se, the plaintiff shall sign the affidavit or answers to interrogatories referred to in this section and is bound by those provisions as if represented by an attorney."

The district court found:

[Appellant] argues that her first attorney's withdrawal inhibited her efforts to secure an acceptable expert affidavit.

[Appellant] argues that once she reacquired her medical records that she promptly and diligently obtained what she perceived to be a sufficient affidavit of expert [disclosure]. [Appellant] is playing the blame game. [Appellant] could have obtained new counsel at an earlier date; she could have retained a copy of her own medical records prior to shipping them out-of-state; she could have refused to ship her medical records out-of-state. In essence, [appellant] is at least partially to blame for the delay.

Appellant also argues that she made a good-faith effort to comply with Minn.Stat. § 145.682. But the *Brown–Wilbert* court declined to adopt a good-faith standard for complying with Minn.Stat. § 544.42, subd. 3, because it would inject a subjective element into the requirements for an affidavit of expert review. *Brown–Wilbert, Inc.,* 732 N.W.2d at 216. The district court did not abuse its discretion in declining to extend the 180–day period to allow appellant to submit an expert-disclosure affidavit.

**DECISION**

Because the district court properly construed Minn.Stat. § 145.682, subd. 6(c), to not allow appellant to serve an expert-disclosure affidavit that identified a new expert witness when a previously identified expert was not qualified to give an expert opinion, and because the district court did not abuse its discretion in declining to extend the deadline for serving an expert-disclosure affidavit after the 180–day period expired, we affirm the dismissal of this action for failure to comply with the statutory requirement for serving an expert-disclosure affidavit.

**Affirmed.**